CITY OF CIRCLEVILLE, APPELLEE, *v.* WILSON, APPELLANT.

(No. 86 CA 35—Decided
November 23, 1987.)

*P. Randall Knece,* for appellee.
*James R. Kingsley,* for appellant.

GREY, P.J. This is an appeal from a judgment of conviction issued by the Circleville Municipal Court against appellant for violating Circleville Codified Ordinances Section 331.37.

On August 29, 1986, appellant, Richard D. Wilson, was stopped at a traffic light in downtown Circleville. When the light turned green, Wilson apparently lurched· his car forward causing his car tires to squeal. Immediately thereafter Wilson was stopped by a patrolman for the Circleville Police Department. The police officer issued Wilson a traffic citation for squealing his tires pursuant to Circleville Codified Ordinances Section 331.37.

Wilson entered a plea of not guilty. After a trial before the court, Wilson was found guilty and was fined fifty dollars plus costs.

"Assignment of Error No. 1:

"The trial court erred when it did not find Circleville Ordinance 331.37 unconstitutional."

Circleville Codified Ordinances Section 331.37 reads as follows:

"No person shall unnecessarily race the motor of any vehicle and no person shall operate any motor vehicle, except in an emergency, in such a manner that the vehicle is so rapidly accelerated or started from a stopped position that the exhaust system emits a loud, cracking or chattering noise unusual to its normal operation, or whereby the rubber tires of such vehicle squeal or leave tire marks on the roadway, commonly called 'peeling'."

Wilson first argues that the Circleville ordinance is unconstitutionally vague because it penalizes those who operate their motor vehicles in a manner which causes their tires to squeal. Wilson's void-for-vagueness argument is without merit. We believe a person of ordinary intelligence would have no difficulty understanding what constitutes "squealing tires." The Circleville ordinance adequately informs a person of what conduct is prohibited.

Second, Wilson argues that the Circleville ordinance is unconstitutional because it prohibits otherwise lawful conduct. The Circleville ordinance was undoubtedly designed to regulate conduct in an effort to promote the health and safety of its residents. The sound of squealing tires results directly from excessive acceleration of a motor vehicle. The drive wheels are subjected to the force of the engine while the other wheels remain stationary due to friction and inertia. As the torque increases, the drive wheels spin and squeal. As the drive-wheel tires get hotter and softer their coefficient of friction increases, they grab, and the car lurches forward. This is unsafe, and entirely prohibitable by ordinance.

The first assignment of error is overruled.

"Assignment of Error No. 2:

"The trial court erred when it found defendant guilty since such finding was against the manifest weight of the evidence."

The issue of whether Wilson's conduct amounted to a violation of the Circleville ordinance was a question of fact for the trial judge. "Judgments supported by some competent, credible

evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C. E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578, paragraph one of the syllabus.

The record reflects sufficient evidence to support a finding that Wilson violated Circleville Codified Ordinances Section 331.37.

The second assignment of error is overruled.

*Judgment affirmed.*

ABELE and STEPHENSON, JJ., concur.